# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Antione J. Lott, ) | |
| ) | Case No.: 2:10-cr-1095-PMD |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

    Antione J. Lott, a federal prisoner, moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 51). The United States ("Government") has filed a motion to dismiss or, in the alternative, for summary judgment (ECF No. 54). For the reasons stated herein, the Court denies the Government's motion and orders additional briefing.

    In June 2012, Lott pled guilty to two counts of possessing a firearm after a felony conviction and one count of possession with intent to distribute crack cocaine. The Court sentenced Lott the following December. At sentencing, the Court determined Lott had two prior felony convictions for crimes of violence and thus was a career offender under the United States Sentencing Guidelines. *See* U.S.S.G. §§ 4B1.1, 4B1.2(a) (2011). One of those predicate felonies was assault and battery with intent to kill (ABWIK).

    Applying the career-offender sentencing enhancement, the Court sentenced Lott to a total of 151 months in prison—120 months for each of the weapons charge, and 151 months for the drug charge, all to be served consecutively. Lott did not appeal.

    Lott filed his § 2255 motion on April 08, 2016. In his motion, Lott contends that after *Johnson v. United States*, 135 S. Ct. 2551 (2015), his career-offender designation is no longer constitutional and therefore he must be resentenced to a shorter prison term.

The Government seeks dismissal on three grounds unrelated to the merits. It contends that (1) Lott's § 2255 motion is untimely; (2) Lott cannot use § 2255 to challenge a Guidelines enhancement; and (3) *Johnson* is not retroactively applicable to Guidelines challenges on collateral review. The Court finds that the Fourth Circuit's decision in *In re Hubbard* undercuts those arguments. *See* No. 15-276, 2016 WL 3181417, at *7 (4th Cir. June 8, 2016). Because the Government asserts no other grounds for dismissal, the Court **DENIES** its motion.

The issue in Lott's § 2255 motion is whether, after *Johnson*, Lott's prior ABWIK conviction in South Carolina state court still constitutes a predicate "crime of violence" under § 4B1.2(a). Lott's position is two-pronged. He first contends, and the Government appears to agree, that his conviction cannot validly fall under the residual clause in § 4B1.2(a)(2) because that clause is unconstitutionally vague. Second, Lott argues that South Carolina ABWIK cannot fit within the remaining portions of § 4B1.2(a). The Government has not yet offered its view on that question. The Court therefore **ORDERS** the Government to submit a brief addressing the merits of whether Lott's ABWIK conviction constitutes a crime of violence under the remaining portions of § 4B1.2(a). The Government's brief shall be filed no later than August 26, 2016. Any response that Lott may wish to file shall be due seven days after the Government files its brief.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**August 17, 2016**
**Charleston, South Carolina**

2