# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| Antione J. Lott, ) | |
| ) | Case No.: 2:10-cr-1095-PMD |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Antione J. Lott, a federal prisoner, moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 51). The United States ("Government") has filed a motion to stay this matter (ECF No. 59). For the reasons stated herein, the Court grants the Government's motion.

In his § 2255 motion, Lott challenges this Court's decision to sentence him as a career offender under the United States Sentencing Guidelines. *See* U.S.S.G. §§ 4B1.1, 4B1.2(a) (2011). The Court based that decision in part on Lott's prior conviction in South Carolina state court for assault and battery with intent to kill (ABWIK). Lott argues that after *Johnson v. United States*, 135 S. Ct. 2551 (2015), his career-offender designation is unconstitutional and therefore he must be resentenced. More specifically, Lott contends his ABWIK conviction cannot validly constitute a predicate "crime of violence" under the residual clause of § 4B1.2(a)(2) because *Johnson* has held identical language to be unconstitutionally vague. Lott then contends his ABWIK conviction cannot fall under the remaining portions of § 4B1.2(a). If Lott is correct on these points, then he may no longer have enough predicate offenses to trigger the career-offender enhancement.

The Supreme Court is currently poised to decide whether *Johnson*'s holding extends to U.S.S.G. § 4B1.2(a)(2) and whether *Johnson* applies retroactively to collateral challenges of sentences enhanced using § 4B1.2(a)'s residual clause.  *See Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544).  The Government contends the Supreme Court's decision in *Beckles* will affect the outcome of Lott's § 2255 motion and therefore this Court should stay proceedings until that decision is issued.

Waiting for *Beckles* is warranted only if Lott's ABWIK conviction cannot fall under § 4B1.2(a)'s force clause.  The Fourth Circuit is currently considering whether South Carolina's crime of assault with intent to kill (AWIK) falls within that force clause.  *See United States v. Waters*, No. 4:15-cr-158-BHH (D.S.C.), *appeal docketed*, No. 16-4214 (4th Cir. Apr. 18, 2016).  Because AWIK is a lesser-included offense of ABWIK, *see Suber v. State*, 640 S.E.2d 884, 886–87 (S.C. 2007), the outcome of *Waters* has just as much potential to impact Lott's motion as *Beckles*.

Because *Beckles* and *Waters* both have great potential to control the outcome in this matter, the Court **GRANTS** the Government's motion and **STAYS** this matter until decisions are issued in both *Beckles* and *Waters*.  The stay shall expire automatically once both of those decisions are issued.  However, once the first of the two decisions is issued, either party may move to lift the stay.

**AND IT IS SO ORDERED.**

                                                                                             _____
                                                                                             PATRICK MICHAEL DUFFY
                                                                                             United States District Judge

**October 3, 2016**
**Charleston, South Carolina**